OPINION
{¶ 1} Defendant-appellant Carmen M. Jansen appeals from her conviction and sentence for Criminal Damaging. She contends that her conviction is not supported by the evidence, and is against the manifest weight of the evidence. She argues that the trial court, in suspending her sentence, improperly imposed, as a condition of that suspension, that she pay restitution in the amount of half of the undetermined amount of the damages she caused to the victim's car. Finally, she contends that her trial counsel was ineffective for having failed to file a motion for judgment of acquittal, pursuant to Crim. R. 29.
 {¶ 2} We conclude that the evidence admitted at the trial, before the finding of guilt was entered, supports Jansen's conviction, and we further conclude that her conviction is not against the manifest weight of the evidence. Although Jansen invites our attention to certain statements the complaining witness made at the sentencing hearing, after Jansen had already been found guilty, which appear to contradict, or at least modify, that witness's trial testimony, we conclude that our review of the sufficiency and weight of the evidence is limited to the evidence admitted at the trial, and before the finding of guilt.
 {¶ 3} Although the trial judge said, at the sentencing hearing, that he would suspend Jansen's jail sentence upon the condition that she pay one-half the damages to the victim's car, the actual journal entry imposing sentence, which was entered on July 20, 2004, while suspending the jail sentence, imposes no condition on that suspension. Therefore, we conclude that any error Jansen may be alleging with respect to an unlawful condition of the suspension of the jail sentence is not supported by the record.
 {¶ 4} Finally, we conclude that the evidence admitted during the State's case-in-chief, which was all of the evidence admitted at trial, Jansen having rested without offering any evidence, supports her conviction. Therefore, her attorney was not ineffective for having failed to move for a judgment of acquittal, because that motion, had it been made, would have been without merit.
 {¶ 5} The judgment of the trial court is Affirmed.
 I {¶ 6} Jansen was an "ex-girlfriend" of Aughnae Waggoner. Waggoner dropped Kia Draper, with whom he had a relationship, at her place of employment at a bank. It was about noon on a day in February. Waggoner was driving Draper's car. Waggoner testified concerning what happened next:
 {¶ 7} "A. I was leaving the bank and I was on the way out, on my way out
 {¶ 8} "Q. Uh huh.
 {¶ 9} "A. I got reared end [sic] and, hit-and-run basically.
 {¶ 10} "Q. All right.
 {¶ 11} "A. Somebody hit me . . .
 {¶ 12} "Q. So you're inside the vehicle . . .
 {¶ 13} "A. Yes.
 {¶ 14} "Q. You're driving it . . .
 {¶ 15} "A. Yes.
 {¶ 16} "Q. . . . and you're telling me you were struck by another vehicle?
 {¶ 17} "A. Yes.
 {¶ 18} "Q. Okay.
 {¶ 19} "A. I was turning out, leaving . . .
 {¶ 20} "Q. When you're trying . . .
 {¶ 21} "A. I was going home. I was leaving the parking lot of the bank."
 {¶ 22} Waggoner identified Jansen as the driver of the other vehicle, which he testified was a Jeep. Waggoner's testimony then continued, as follows:
 {¶ 23} "Q. Okay. And what type, if any, damage occurred to your vehicle?
 {¶ 24} "A. Tail light, rear end, gas leak, just wrecked basically.
 {¶ 25} "Q. Did you get out of your vehicle and confront Carmen?
 {¶ 26} "A. No, she pulled off.
 {¶ 27} "Q. (inaudible). Does she have to pass you to leave.
 {¶ 28} "A. Yeah, yes.
 {¶ 29} * * *
 {¶ 30} "Q. You're in a parking lot. Are you in a parking space, in a driveway, where in the parking lot are you?
 {¶ 31} "A. On the driveway about to pull out to the street.
 {¶ 32} "Q. Okay. And she had to go around your vehicle to leave and did she pull around on the driver's side or . . .
 {¶ 33} "A. Passenger side.
 {¶ 34} "Q. On the passenger side. You had a clear view of Carmen?
 {¶ 35} "A. Yes."
 {¶ 36} Waggoner also testified that Jansen had contacted him earlier that morning, in an antagonistic manner. When asked how "she" (presumably Jansen) felt about his relationship with Draper, Waggoner testified:
 {¶ 37} "A. She hates, Carmen hates (inaudible)."
 {¶ 38} This is an unfortunate "inaudible," but it is reasonable to infer that the object of (Carmen) Jansen's hatred concerning which Waggoner was testifying was either his relationship with Draper, Draper herself, or both.
 {¶ 39} Draper, the only other witness, could not identify the driver of the Jeep Cherokee that struck her car, but otherwise corroborated Waggoner's testimony:
 {¶ 40} "A. Nothing occurred at the beginning, I just went behind the teller line and I was standing there talking to a co-worker. And then that's the time when I saw the green vehicle speed across the parking lot and hit my . . .
 {¶ 41} "Q. What did you see?
 {¶ 42} "A. I saw the green vehicle, it was a Jeep Cherokee, speed across our parking lot in the front of the bank and Mr. Waggoner was at the end of the parking lot and it hit his car, sped around and went south toward, towards downtown on Salem.
 {¶ 43} * * *
 {¶ 44} "Q. Okay. Did you, you, anything obstructing your vision from where you were in the bank to the impact?
 {¶ 45} "A. No, I was looking directly out the door."
 {¶ 46} Jansen was charged with Criminal Damaging. At a bench trial, the State presented the testimony of Waggoner and Draper, and then rested. Jansen rested without offering any evidence. The trial court took the matter under advisement. In an entry filed May 12, 2004, the day after the trial, the trial court found Jansen guilty as charged, and set the matter for disposition on May 24th.
 {¶ 47} At the dispositional hearing, Waggoner spoke. The record does not reflect that he was under oath. Waggoner's statement, after he was cautioned that he might be implicating himself in having committed perjury at the trial, was:
 {¶ 48} "The accident, it, it didn't happen like that. She, she ran up on me, she bumped into me and then I backed up into her.
 {¶ 49} * * *
 {¶ 50} "JUDGE: So there was initial contact by, what you're saying is there was initial contact but most of the damage was as a result of . . .
 {¶ 51} "MR. WAGGONER: Yes.
 {¶ 52} "JUDGE: . . . or some of the damage was a result of you backing into her?
 {¶ 53} "MR. WAGGONER: Yes.
 {¶ 54} "JUDGE: But there was contact from her bumping into you first?
 {¶ 55} "MR. WAGGONER: Yes."
 {¶ 56} Both Jansen's attorney and the prosecutor indicated that the significance of Waggoner's revised version of events went to the issue of restitution. The trial court concluded the dispositional hearing by addressing the issues of sentencing and restitution:
 {¶ 57} "JUDGE: Mr. Jansen, or Ms. Jansen, excuse me. I'm gonna [sic] Order in this case a fine of Fifty Dollars ($50.00) and costs, sixty days jail. I'm gonna [sic] suspend the jail and place you on probation for one year. I'm gonna [sic] suspend the jail on the condition that you pay one-half the cost of restitution. I'm gonna [sic] reduce it by half amount [sic] and, Mr. Waggoner, I would strongly suggest that you pay the other half and make sure you provide evidence to the Court because there still could be charges filed on you. You understand?
 {¶ 58} "MR. WAGGONER: Yes.
 {¶ 59} "JUDGE: And I would, I would strongly suggest you get a hold of the owner of the vehicle, the insurance company and agree to pay half, half that restitution immediately. You understand?
 {¶ 60} "MR. WAGGONER: Yes."
 {¶ 61} A "Journal Sentencing Entry" was filed July 20, 2004. Curiously, this was filed after this appeal was filed, but it is the only sentencing entry in the record. It reads, in its entirety, as follows:
 {¶ 62} "The Court hereby finds the Defendant, Carmen M. Jansen, GUILTY of Criminal Damage [sic] (O.R.C. 2909.06) on May 24, 2004. The defendant was assessed a fine of $50.00 and court costs of $135.00, for a total due of $185.00. He [sic] was also assessed a 60 day jail term which was suspended and placed on probation."
 {¶ 63} From her conviction and sentence, Jansen appeals.
 II {¶ 64} Jansen's First Assignment of Error is as follows:
 {¶ 65} "The trial court erred in finding defendant-appellant guilty of criminal damaging for the reason that the court's finding is against the manifest weight of the evidence and contrary to law."
 {¶ 66} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilty beyond a reasonable doubt." State v.Jenks (1991), 61 Ohio St. 3d 259, second paragraph of syllabus (emphasis added). See, also, State v. Moreland (January 17, 2003), Greene App. No. 2001 CA 85, paragraph 20. Likewise, in reviewing the evidence in the record to determine whether a conviction is against the manifest weight of the evidence, it is perforce the evidence admitted at trial that must be reviewed. If evidence is discovered after trial, that may furnish a ground for a motion for a new trial pursuant to Crim. R. 33(A)(6), or possibly for a petition for post-conviction relief, but the evidence is immaterial to a direct appellate review of the sufficiency or manifest weight of the evidence admitted at the trial.
 {¶ 67} Jansen seeks to rely upon the statement Waggoner made at the dispositional hearing, in which he suggested, for the first time, that after Jansen ran into the car he was driving, he, Waggoner, deliberately backed into Jansen's car. We tend to agree with the State that this does not vitiate Jansen's conviction for Criminal Damaging, because Waggoner still maintained, in this post-trial statement, that Jansen initially struck the car he was driving with her car. Thus, as both the State and Jansen's attorney indicated at the dispositional hearing, Waggoner's post-trial statement is material only to the issue of restitution, in apportioning the respective responsibility of Jansen and Waggoner for the damage done to Draper's car.
 {¶ 68} In any event, we cannot predicate a conclusion that Jansen's conviction is against the manifest weight of the evidence, or is not sustained by the evidence, upon anything other than the evidence admitted at the trial. At the conclusion of the trial on May 11, 2004, both parties rested, and the trial court entered its finding of guilt the following day, well before Waggoner made his statement at the May 24 dispositional hearing. We conclude that the evidence at the trial, consisting of the testimony of Waggoner, who identified Jansen as the driver of the car that struck the car he was driving, and the testimony of Draper, who could not identify Jansen as the driver, but who otherwise corroborated Waggoner's testimony, is ample to support Jansen's conviction for Criminal Damaging. We further conclude that her conviction is not against the manifest weight of the evidence.
 {¶ 69} Although not implicated in the First Assignment of Error as framed, Jansen argues, in this portion of her brief, that the trial court could not properly impose, as a condition of the suspension of her jail sentence, the payment of half of an undetermined amount of damage to Draper's car. We find it unnecessary to consider this argument, because the record does not reflect that this condition was imposed. Although the trial judge indicated, at the conclusion of the dispositional hearing, that he was going to impose that condition, the July 20, 2004 sentencing entry, which is the only sentencing entry we have found in the record, suspends Jansen's 60-day jail sentence unconditionally. Therefore, the record does not portray the error of which Jansen complains.
 {¶ 70} Jansen's First Assignment of Error is overruled.
 III {¶ 71} Jansen's Second Assignment of Error is as follows:
 {¶ 72} "The defendant-appellant received ineffective assistance of counsel at trial in violation of her sixth amendment right to counsel."
 {¶ 73} Jansen argues that her trial counsel was ineffective for having failed either to move for a judgment of acquittal at the conclusion of the trial, pursuant to Crim. R. 29, or to make a closing argument that the evidence was insufficient to support a conviction. For the reasons indicated in Part II, above, we conclude that the evidence admitted at trial was sufficient to support Jansen's conviction. Therefore, counsel was not ineffective for having failed to make a futile motion for a judgment of acquittal.
 {¶ 74} At the conclusion of the trial, after the trial judge indicated that he was going to take the case under submission, counsel for both parties indicated that they were waiving closing argument. The issues were straightforward. We cannot say either that Jansen's counsel was ineffective for having made the strategic decision to waive closing argument in a bench trial, or that Jansen was prejudiced as a result of this decision.
 {¶ 75} Jansen's Second Assignment of Error is overruled.
 IV {¶ 76} Both of Jansen's assignments of error having been overruled, the judgment of the trial court is Affirmed.
Grady and Donovan, JJ., concur.